UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RONALD R. HEURLIN and :
TANYA E. HEURLIN,
:
    Appellants,                   CIVIL ACTION NO. 3:14-2060
:
v.                                     (MANNION, D.J.)
:
COLE ALEXANDER FINANCIAL
LTD., et al.,                :
:
    Appellees

## MEMORANDUM

Pending before the court is the appellants', Ronald R. Heurlin and Tanya E. Heurlin, appeal from an order of the Bankruptcy Court denying their motion to dismiss the Chapter 7 petition of debtor/appellee Cole Alexander Financial LTD., ("Cole Alexander"), and request for sanctions. (Doc. 1). The appellants contend that the Bankruptcy Court erred as a matter of law and/or abused its discretion in denying their motion to dismiss Cole Alexander's Chapter 7 case since the case was not filed in good faith. (Doc. 5). The appellees filed a brief in opposition, (Doc. 6), on November 21, 2014, and appellants filed a reply brief on December 5, 2014, (Doc. 7). The appeal is now ripe for the court's ruling.

**I.    BACKGROUND**

The parties agree that the central issue on appeal is whether the Bankruptcy Court erred in its September 11, 2014 order denying the

appellants' motion to dismiss the Chapter 7 case of Cole Alexander, Case Number 5-14-bk-03405, M.D.Pa., pursuant to 11 U.S.C. §707(a). The appellants concede that their appeal of the Bankruptcy Court's decision denying their request to award them sanctions against the president of Cole Alexander, Eugene Wendolowski, and its attorney, Eugene C. Kelley, pursuant to F.R.C.P. 9011(c), must be made by a separate motion. (Doc. 5, at 6 n. 2). As such, the instant appeal does not address the sanctions issue. Specifically, after a hearing held on September 11, 2014, the Bankruptcy Court issued an order, (Doc. 1-1), stating: "it is ORDERED that the Motion to Dismiss and for Sanctions is DENIED; and, FURTHER ORDERED that the Clerk's Office is directed to immediately close this Chapter 7 case. The Court's findings and conclusions were stated on the record in open court pursuant to F.R.B.P. 7052."

The Bankruptcy Court issued a final decree closing the Chapter 7 case of Cole Alexander on September 13, 2014. The appellants then filed a timely notice of appeal to this court on September 25, 2014. (Doc. 1).

The Heurlins filed an action on April 22, 2011, in the district court, Civil No. 11-0770, M.D.Pa., ("Heurlin case"), against the following Defendants: Steven Yankowski, individually and trading as Thornhurst Properties, LLC, Premier Equity Management Services, Ltd., Premier Equity Scranton, LLC, Cole Alexander Financial, LTD, Airport Office Complex, Inc., Atlantic Acquisition Group, Inc., and Premier Equity Mount Cobb, LLC. The court

2

takes judicial notice of the Heurlin case. *See* Fed.R.Evid. 201. In this action, the Heurlins sought to recover over $5,000,000 they allegedly loaned to defendants over several dates and in various amounts commencing in February 2004. The Heurlins averred that they made the loans to defendant Yankowski and to the defendant companies so that Yankowski could purchase and develop real estate in the Scranton, Pennsylvania, area for resale. They also alleged that defendant Yankowski formed the defendant companies ostensibly to acquire and develop real estate with the loans they made.

The Heurlins alleged that defendants failed and refused to repay the loans to them. They also allege that defendant Yankowski induced them into making and later modifying the loans through false and fraudulent representations regarding the use of the proceeds from the loans, the priority of the mortgages securing the loans and values of the properties that were subject to the mortgages.

On August 9, 2011, defendant Airport Office Complex, Inc., filed a voluntary Bankruptcy Petition under Chapter 11 of the U.S. Bankruptcy Code, pursuant to 11 U.S.C. §1101, *et seq. See* 5:11-bk-05550, M.D.Pa. The district court issued an order on August 22, 2011, and administratively closed the Heurlin case due to the automatic stay provision of the Bankruptcy Code. On September 28, 2011, appellants filed a Notice of Voluntary Dismissal of Airport Office Complex, Inc., from the Heurlin case. On August 15, 2013,

another defendant in the Heurlin Case, Atlantic Acquisition Group, Inc. ("Atlantic"), filed a Chapter 7 petition, docketed at 5:13-BK-04219-JJT ("Atlantic Bankruptcy"). Once again the district court issued an order and administratively closed the Heurlin case due to the automatic stay. A final decree was entered by the Bankruptcy Court in the Atlantic bankruptcy on March 25, 2014.

Subsequently, Cole Alexander and the other defendants in the Heurlin case refused to consent to re-open the Heurlin case, requiring the Heurlins to file a formal motion to re-open their case. The district court granted the Heurlins' motion to re-open on July 1, 2014. Cole Alexander then filed its Chapter 7 petition on July 24, 2014, (Doc. 2-1), and the Heurlin case was again stayed by the district court. The appellants then moved in the Bankruptcy Court to dismiss the Chapter 7 case on the basis that it was not filed in good faith since they argued that the Chapter 7 filing provided no benefit to Cole Alexander other than to delay the proceedings in the Heurlin case. The Bankruptcy Court denied the appellants' motion to dismiss but closed the Chapter 7 case of Cole Alexander on September 11, 2014. The appellants now appeal this decision of the Bankruptcy Court.

## II.     STANDARD OF REVIEW

This court has appellate jurisdiction under 28 U.S.C. §158(1)(a). Goldsmith v. Winnecour, 485 B.R. 522, 526 (W.D.Pa. 2013) (The district court

has jurisdiction over "appeals from [final] judgments, orders, and decrees" of the Bankruptcy Courts.). The court in Forever Green Athletic Fields, Inc. v. Dawson, 514 B.R. 768, 778 (E.D.Pa. 2014), discussed the legal standard in such cases and stated:

> Federal Rule of Bankruptcy Procedure 8013 provides that a reviewing court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr.P. 8013. In our review, we are governed by traditional standards of appellate review and accordingly review a bankruptcy court's legal determinations de novo, independent of that court and without deference to its analysis and conclusions of law. See American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999); see also Fed. R. Bankr. P. 8013. We review its factual findings, whether based on oral or documentary evidence, for clear error, and its exercise of discretion for abuse thereof. In re Trans World Airlines, Inc., 145 F.3d 124, 130–31 (3d Cir. 1998). Mixed questions of fact and law must be broken down and reviewed under the applicable standard. See In re Montgomery Ward Holding Corp., 326 F.3d 383, 387 (3d Cir. 2003). We review a bankruptcy court's dismissal of a bankruptcy case as a bad faith filing for abuse of discretion. In re SGL Carbon Corp., 200 F.3d 154, 159 (3d Cir. 1999).

Additionally, "[a] factual finding is clearly erroneous if the district court is firmly convinced, based on all of the evidence, that the bankruptcy court made a mistake." Id. (citation omitted). The district "may not engage in independent factfinding."Id. (citation omitted). "The [bankruptcy] petitioner bears the burden to show it has acted in good faith." Id. (citing In re Tamecki, 229 F.3d 205, 207 (3d Cir. 2000) ("Once a party calls into question a

5

petitioner's good faith, the burden shifts to the petitioner to prove his good faith.")).

## III.   DISCUSSION

The appellants argue that their motion to dismiss Cole Alexander's Chapter 7 case, under §707(a) of the Bankruptcy Code, should have been granted by the Bankruptcy Court since the case was not filed in good faith and was only filed to delay the Heurlin case which was pending in the district court against several defendants, including Cole Alexander. The appellants state that the Bankruptcy Court erred as a matter of law or abused its discretion in denying their motion to dismiss. The appellants maintain that Cole Alexander's Chapter 7 petition was filed in bad faith since it was not an individual but a corporate debtor and, thus was not entitled to a discharge under [11 U.S.C. 727(a)(1)](#) and it could not receive a fresh start which is the objective of Chapter 7. The appellants then state that the only other objective of a corporate Chapter 7 petition is an orderly distribution of assets to creditors but Cole Alexander had no assets. As such, the appellants argue that the only purpose of Cole Alexander's Chapter 7 petition was to thwart the Heurlin case meaning that the petition was filed in bad faith. The appellants request this court to reverse the Bankruptcy Court's September 11, 2014 Order and to dismiss Cole Alexander's Chapter 7 petition.

Initially, since the appellants have not addressed the Bankruptcy Court's

6

decision denying their request for sanctions, the court finds this issue is waived. Forever Green Athletic Fields, Inc. v. Dawson, 514 B.R. at 781 (quoting Trans World Airlines, Inc., 145 F.3d 124, 132 (3d Cir. 1998) ("a district court may, in its discretion, deem an argument waived if it is not presented in accordance with [Bankruptcy] Rule 8010.").

A debtor filing a Chapter 7 petition must have a valid bankruptcy purpose and a court must look to the totality of the facts and circumstances to determine the debtor's true intent. Forever Green Athletic Fields, Inc. v. Dawson, 514 B.R. at 777. There was no testimony heard by the Bankruptcy Court, rather it heard argument from counsel. (*See* Doc. 3). There are factual findings of the Bankruptcy Court in issue as well as legal determinations.

The appellants contend that once they called into question Cole Alexander's good faith, this petitioner failed to meet its burden to prove its good faith, and thus, the Bankruptcy Court erred by not granting their motion to dismiss Cole Alexander's Chapter 7 petition. The appellants also point to the close proximity in time to the filing of the Chapter 7 petition by Cole Alexander after the district court in the Heurlin case re-opened the case. The appellants state that the Heurlin case was closed for over one year due to the Chapter 7 case of Atlantic and that a few weeks after the Heurlin case was re-opened, Cole Alexander filed its Chapter 7 petition which again lead to the closure of the Heurlin case. Cole Alexander claims that its no asset Chapter 7 filing was to definitely end and dissolve the failed company, to stop the

losses of the company, and to terminate its corporate existence. Cole Alexander also claims that the other purpose of its Chapter 7 petition was to provide "notice to all creditors that [it was] out of business." Cole Alexander states that the September 11, 2014 transcript from the Bankruptcy Court proceeding shows that the Heurlins did not raise any valid questions as to Cole Alexander's good faith and "provides no indication that the burden of proof on the good faith issue ever shifted to Cole Alexander." It also states that the Bankruptcy Judge "carefully considered and rejected every argument advanced by the Heurlins." Further, Cole Alexander maintains that even though it was not entitled to a Discharge Order and had no assets, these facts were found to be of little importance by the Bankruptcy Judge. Cole Alexander points out that the Bankruptcy Judge properly determined that ending its corporate existence and noticing its creditors were legitimate uses of a Chapter 7 petition. It states that based on these circumstances, regardless of the fact that it was a defendant in the Heurlin case, the Heurlins failed to shift the burden on it to prove that its Chapter 7 filing was in good faith. (Doc. 6, at 9-10).

"Findings of fact shall not be set aside unless clearly erroneous," and "[t]he reviewing court has plenary review of questions of law." *In re Neshaminy*, 62 B.R. 798, 801 (E.D.Pa. 1986). The Bankruptcy Court considered the proximity argument raised by the Heurlins and nonetheless found that Cole Alexander's owner (Eugene Wendolowski) made a business

8

judgment and, that Chapter 7 is used as an "inartful" and "inelegant way to wind up [or terminate] a corporate entity." The Bankruptcy Court recognized that Cole Alexander owed a large debt to its owner, that the company formed in 2002 was suffering losses, and that it was not unusual for a company to file a Chapter 7 petition "in lieu of dissolution" which is more expensive. The Bankruptcy Court also indicated that a motion for relief from the automatic stay, under 11 U.S.C. §362, was an available remedy that the Heurlins could have pursued rather than the motion to dismiss, and that a relief motion was a simpler and quicker way to resolve their concern about the delay Cole Alexander's petition caused in the Heurlin case. The Bankruptcy Court further considered the procedural posture of Cole Alexander's Chapter 7 case and noted that the Chapter 7 trustee (Mark Conway) just recently filed a report of no distribution on September 9, 2014. Additionally, the Bankruptcy Court noted that its closing of Cole Alexander's Chapter 7 case would terminate the automatic stay and the appellants could pursue their claim in the Heurlin case. (Doc. 3, pp. 12-13, 17-21). In fact, the district court re-opened the Heurlin case on November 18, 2014, since the Cole Alexander's Chapter 7 case was closed.

Thus, there were legitimate purposes of Cole Alexander's Chapter 7 petition and as found by the Bankruptcy Court, it was not filed in bad faith only to delay the Heurlin case. As such, the Bankruptcy Court properly closed Cole Alexander's Chapter 7 case and denied the appellants' motion to dismiss it.

## IV.     CONCLUSION

Based on the totality of the facts and circumstances, the court finds that the Bankruptcy Court's denial of the appellants' motion to dismiss was proper and should not be disturbed. The appellants' appeal of the Bankruptcy Court's September 11, 2014 Order, (Doc. 1), will be **DENIED**. An appropriate order will be issued.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 31, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2060-01.wpd